**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DARRELL JOHNSON,        :
                            :
       *Plaintiff,*         :    Case No. 1:24-cv-7
                            :
vs.                            :    Judge Jeffery P. Hopkins
                            :
McNATIONAL, INC., *et al.,*    :
                            :
       *Defendants.*       :
                            :

## ORDER

This matter is before the Court on Defendants McNational, Inc. and National Maintenance & Repair of Kentucky, Inc.'s (collectively, "Defendants") Motion to Deem Requests for Admission Admitted (Doc. 22). Plaintiff Darrell Johnson has not filed a response and the time for doing so has long since passed.

For the reasons set forth below, the Court **GRANTS** Defendants' request to deem the facts admitted that are contained in Defendants' Requests for Admission.

### I.    LEGAL STANDARD

Rule 36 of the Federal Rules of Civil Procedure "permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (citing *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)). Rule 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Further, "[a] matter admitted

under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

## II.     LAW AND ANALYSIS

Defendants seek an order from this Court to deem admitted matters that are contained in its Requests for Admission served on Plaintiff. Defendants served Plaintiff with Defendants' written requests on March 19, 2025. Doc. 22, PageID 81; Doc. 22-2 PageID 94. At the time, Plaintiff was represented by counsel—but pending before the Court was a Motion to Withdraw filed on February 20, 2025, by Plaintiff's former counsel. Doc. 20. Although by rule, responses were due on April 18, 2025, Defendants agreed to extend the response deadline for the requests to May 19, 2025, in light of the Motion to Withdraw pending before the Court. Doc. 22, PageID 82. This Court ultimately granted the Motion to Withdraw on April 10, 2025, and ordered that Plaintiff advise the Court on or before May 12, 2025, whether he intends to retain new counsel or represent himself in these proceedings. Doc. 21. To date, Plaintiff has made no effort to advise the Court of his intentions regarding representation.

After the Court permitted Plaintiff's former counsel to withdraw, counsel emailed Plaintiff to inform him that the Motion to Withdraw had been granted and to advise Plaintiff of the approaching deadline of May 19, 2025, to respond to Defendant's written Requests for Admission. Doc. 22-3, PageID 95. Counsel also provided copies of Defendants' written requests to Plaintiff. *Id.* Despite being on notice of the May 19 deadline, Plaintiff failed to timely respond to Defendants' Requests for Admission. So, on May 20, 2025, after receiving no response from Plaintiff, Defendants unilaterally extended the deadline to May 28, 2025, and notified Plaintiff of the extension. Doc. 22-4, PageID 96. However, Plaintiff again did not respond and to date, has still made no attempt to do so. Doc. 22, PageID 82.

Based on the record now before the Court, and pursuant to Rule 36(a)(3), all matters which are contained in Defendants' Requests for Admission are deemed admitted by Plaintiff. Accordingly, Plaintiff admits the following facts:

- NMR rules, policies, and procedures required the individual operating the Telehandler to be certified to operate the Telehandler.

- Plaintiff was not certified by NMR to operate the Telehandler on the date of the incident.

- The Telehandler Plaintiff was operating at the time of the Incident tipped forward as a result of the size/weight of the shaft being transported by the Telehandler when the boom was extended to lift the load.

- The condition of the dock barge on which Plaintiff was operating the Telehandler at the time of the incident did not cause or contribute to the Telehandler tipping forward.

Doc. 22-1, PageID 91.

Because Plaintiff failed "to provide 'timely answers' to [Defendants'] request for admissions," all of the above facts are deemed admitted. *Coach Servs., Inc. v. Source II, Inc.*, 728 F. App'x 416, 418 (6th Cir. 2018).

### III.     CONCLUSION

Based on the foregoing, Defendants' McNational, Inc., and National Maintenance & Repair of Kentucky, Inc.'s Motion to Deem Requests for Admission Admitted (Doc. 22) is hereby **GRANTED**.

**IT IS SO ORDERED.**

November 3, 2025

Jeffery P. Hopkins
United States District Judge

3