IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARRELL JOHNSON, | : |
| *Plaintiff*, | : Case No. 1:24-cv-7 |
| v. | : Judge Jeffery P. Hopkins |
| MCNATIONAL, INC., *et al.*, | : |
| *Defendants*. | : |

## ORDER

District courts have the authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). To that end, Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of an action "where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 U.S. App. LEXIS 6768 (6th Cir. Mar. 21, 2023) (quoting Fed. R. Civ. P. 41(b)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). When deciding whether to dismiss for failure to prosecute, a district court must consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Further, it has long been the rule in the Sixth Circuit that

when a party has actual notice that dismissal is contemplated, a court has the discretion to dismiss under Rule 41(b). *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

On April 10, 2025, this Court permitted counsel for Plaintiff Darrell Johnson to withdraw. Doc. 21. At that time, the Court ordered Mr. Johnson to file a status report not later than May 12, 2025, advising the Court whether he intends to retain new counsel in this case or whether he intends to represent himself in these proceedings. *Id*. To date, Mr. Johnson has not filed a status report, nor made any attempt to inform the Court of his intentions. Additionally, Mr. Johnson failed to respond to Defendants' discovery requests despite Defendants offering him several generous extensions of time. His failure to respond resulted in this Court issuing an order deeming Defendants' requests for admission admitted. Doc. 23. Because Mr. Johnson has taken no action in this case since his former counsel were permitted to withdraw and due to his failure to respond to Defendants' discovery requests, this Court ordered him to show cause on or before November 24, 2025, why this case should not be dismissed for failure to prosecute. The Court warned Mr. Johnson that his case may be dismissed for failure to prosecute if he did not respond to the Court's Order to Show Cause. Doc. 24, PageID 101. To date, Mr. Johnson has made no effort to respond to that Order.

Based on this record, the Court readily finds that the first three prongs under *Wu* and *Knoll* are readily satisfied. Mr. Johnson has made no attempt to comply with two orders of this Court, has failed to communicate with opposing counsel, and has failed to respond to Defendants' discovery requests. *See* Docs. 21, 24. "The key to finding prejudice . . . is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)) (alterations

in original). Here, Defendants have been prejudiced by Mr. Johnson's silence and inaction because Defendants' attempts to move this case forward through discovery have been thwarted at every turn by Mr. Johnson's failure to comply with his discovery obligations, resulting in Defendants having to seek recourse from the Court by way of a discovery-related motion. *See* Docs. 22, 23. The record is clear that despite his counsel's withdrawal, he had been duly advised of pending deadlines and Defendants' discovery requests. Furthermore, as to the third prong, Mr. Johnson was placed on notice of the consequences of his failure to comply with this Court's Order to Show Cause. When considering Mr. Johnson's complete inaction over nearly the past seven months, the Court finds that no alternative sanction beyond dismissal with prejudice would adequately protect the integrity of pretrial procedures.

Accordingly, this action is **DISMISSED** with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

December 1, 2025

Jeffery P. Hopkins
United States District Judge